UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TORREY ROGERS,<br><br>  Plaintiff,<br><br>v.<br><br>JOE'S NEW YORK DINER, LLC,<br>MD MONZURUL HASSAN,<br>GEETHAMAHESH ENTERPRISES<br>LLC,<br><br>  Defendants. | Case No.: 6:24-cv-01212-JSM-CPT |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, JOE'S NEW YORK DINER, LLC, MD MONZURUL HASSAN, and GEETHAMAHESH ENTERPRISES LLC, by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to the Complaint against Defendants, and state as follows:

PARTIES

1.  ADMIT Plaintiff was employed by Defendants as a cook and that when he worked for Defendant Joe's New York Diner, LLC (hereafter "Joe's Diner") he worked on an hourly basis, but when he worked for Defendant Geethamahesh Enterprises LLC (hereafter "Geethamahesh") he worked on an

hourly basis for one week only, and then for 13 weeks at a salary of $1,800.00 per two-week period.

  2. DENY as no specific dates are alleged.

  3. DENY that the restaurant operated by Defendants Joe's Diner was a "pizza" restaurant and ADMIT the remainder of the allegations in paragraph 3 of the Complaint.

  4. DENY the allegations set forth in paragraph 4 of the Complaint.

  5. DENY that the restaurant operated by Defendant Geethamahesh was a "pizza" restaurant but ADMIT the remainder of the allegations in paragraph 5 of the Complaint.

  6. DENY the allegations set forth in paragraph 6 of the Complaint.

JURISDICTION

  7. DENY as to Defendant Hassan and ADMIT as to the remaining Defendants.

  8. DENY as to Defendant Hassan and ADMIT as to the remaining Defendants.

  9. DENY KNOWLEDGE OR INFORMATION regarding the allegations set forth in paragraph 9 of the Complaint, and therefore DENY them.

  10. DENY as to Defendant Hassan and ADMIT as to the remaining Defendants.

## FACTUAL ALLEGATIONS

11. DENY the allegations set forth in paragraph 11 of the Complaint.

12. DENY Defendant Joe's Diner operated a "pizza" restaurant and ADMIT the remaining allegations in paragraph 12 of the Complaint.

13. DENY the allegations in paragraph 13 of the Complaint as too vague or ambiguous to permit Defendants to answer it.

14. DENY, but ADMIT Defendant Hassan owned Defendant Joe's Diner.

15. DENY the allegations set forth in paragraph 15 of the Complaint.

16. ADMIT the allegations set forth in paragraph 16 of the Complaint.

17. ADMIT the restaurant was sold to Defendant Geethamahesh and DENY the remaining allegations in paragraph 17 of the Complaint as the allegations are too vague or ambiguous to permit an answer.

18. ADMIT the allegations set forth in paragraph 18 of the Complaint.

19. DENY the allegations set forth in paragraph 19 as a legal conclusion that is subject to interpretation and DENY as to Defendant Hassan.

20. DENY the allegations set forth in paragraph 20 of the Complaint.

21. DENY the allegations set forth in paragraph 21 of the Complaint.

22. ADMIT the allegations set forth in paragraph 22 of the Complaint.

23. DENY the allegations set forth in paragraph 23 of the Complaint.

24. DENY the allegations set forth in paragraph 24 of the Complaint.

25. DENY the allegations set forth in paragraph 25 of the Complaint.

26. DENY the allegations set forth in paragraph 26 of the Complaint.

27. DENY the allegations set forth in paragraph 27 of the Complaint.

28. DENY the allegations set forth in paragraph 28 of the Complaint.

29. DENY the allegations set forth in paragraph 29 of the Complaint, but ADMIT Plaintiff is seeking such remedy.

30. ADMIT the allegations set forth in paragraph 30 of the Complaint.

31. ADMIT the allegations set forth in paragraph 31 of the Complaint.

32. ADMIT the allegations set forth in paragraph 32 of the Complaint.

33. DENY as to Defendant Hassan, DENY as to all Defendants except ADMIT Defendants Joe's Diner and Geethamahesh were Plaintiff's employers during various periods of time and Plaintiff worked as a cook.

34. ADMIT the allegations set forth in paragraph 34 of the Complaint.

35. ADMIT the allegations set forth in paragraph 35 of the Complaint.

36. DENY the allegations set forth in paragraph 36 of the Complaint.

37. ADMIT the allegations set forth in paragraph 37 of the Complaint.

38. ADMIT the allegations set forth in paragraph 38 of the Complaint.

39. DENY the allegations set forth in paragraph 39 of the Complaint.

40. DENY as to Geethamahesh and Hassan, ADMIT as to Defendant Joe's Diner.

41. DENY the allegations set forth in paragraph 41 of the Complaint.

42. DENY the allegations set forth in paragraph 42 of the Complaint.

## COUNT I – RECOVERY OF OVERTIME WAGES

43. REPEAT AND REASSERT each and every response made above to paragraphs 1 through 42 as if more fully stated at length herein

44. DENY as to Defendant Hassan and ADMIT as to the remaining Defendants.

45. DENY as a legal conclusion that is subject to interpretation.

46. DENY the allegations set forth in paragraph 46 of the Complaint.

47. DENY the allegations set forth in paragraph 47 of the Complaint.

48. DENY the allegations set forth in paragraph 48 of the Complaint.

49. ADMIT the allegations set forth in paragraph 49 of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

50. Plaintiff did not work the hours he claimed to have worked. Plaintiff clocked in and out and thereby created time records as to hours worked.

51. Plaintiff was paid overtime rates for the hours he worked on an hourly basis over 40 hours in a work week.

52. Plaintiff is not entitled to liquidated damages, or only reduced liquidated damages as Defendants acted in good faith, tracking Plaintiff's reported hours, paying Plaintiff overtime rates for hours more than 40 per work week, and if

any underpayment occurred, it was due to Plaintiff's own actions in underreporting his work hours.

53. Defendant Geethamahesh is only not in possession of payroll records and time records because those records were taken by the Department of Labor in the course of their own investigation.

DEMAND FOR JURY TRIAL: Defendant demands a trial by jury on all issues raised in the above captioned action.

Dated: July 15, 2024.

/s/ Edmund J. Gegan
EDMUND J. GEGAN, ESQ.
Florida Bar No.: 068822
GEGAN LAW OFFICE
1005 N. Marion Street
Floridan Legal Service Bldg.
Tampa, FL 33602
Telephone: (813) 248-8900
Facsimile: (727) 471-0616
Email: edmund.gegan@geganoffice.com
Secondary: paralegal@geganoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024, I filed the foregoing with the Clerk of Court by utilizing the Court's CM/ECF system, which will send a Notice of Electronic Filing to all parties.

/s/ Edmund J. Gegan
EDMUND J. GEGAN, ESQ.
Florida Bar No.: 068822