UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TORREY ROGERS,    Case Number: 8:24-cv-01212-JSM-CPT

    Plaintiff,
v.

JOE'S NEW YORK DINER, LLC
MD MONZURUL HASSAN
GEETHAMAHESH ENTERPRISES LLC.

    Defendant.
_____/

## MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND GEETHAMAHESH ENTERPRISES LLC, ONLY

Plaintiff, Torrey Rogers ("Plaintiff"), files this Motion for Approval of the Settlement Agreement ("Settlement Agreement"). Plaintiff and Defendant Geethamahesh Enterprises, LLC (hereinafter "G.E.") have settled this matter. However, Plaintiff and the remaining Defendants have not reached a settlement. The settlement agreement attached hereto is an agreement between Plaintiff and G.E., only. Plaintiff wishes to continue with litigation against the remaining Defendants. In support of this motion, Plaintiff states as follows:

1. On or about May 20, 2024, Plaintiff filed a single-count Complaint against G.E. ("the Lawsuit") alleging failure overtime compensation under the Fair Labor Standards Act ("FLSA").

2. The parties have exchanged relevant documents and information in this matter, have discussed Plaintiff's allegations in the Complaint and G.E.'s defenses to those allegations, and have had the opportunity to evaluate the strengths and weaknesses of their respective claims and defenses.

3. In the FLSA Settlement Agreement, Plaintiff released his FLSA claim, *against G.E. only*, in exchange for Four Thousand Three Hundred Dollars and 00/100, exclusive of all attorney's fees and costs, as follows: (i) Two Thousand One Hundred Fifty and Zero Cents ($2,150.00), less applicable taxes and deductions, payable to Plaintiff for unpaid overtime wages; (ii) Two Thousand One Hundred Fifty and Zero Cents ($2,150.00) payable to Plaintiff for liquidated damages.

4. Plaintiff acknowledges that the amounts to be paid to him represent complete relief and liquidated damages for his claims against G.E. Plaintiff further acknowledges that if this case would have been litigated to conclusion, Plaintiff could not have received more than the amounts that are to be paid to Plaintiff in accordance with the Settlement Agreement.

5. The Parties request approval of the FLSA Settlement Agreement. Because Plaintiff's action involves a claim under the FLSA, the Parties' FLSA Settlement Agreement must be approved by this Court.

I. **Legal Analysis**

6. There are two ways in which wage claims under the FLSA may be settled and released by employees. Under section 216(c), an employee may settle and waive FLSA claims if the Secretary of Labor supervises the payment of wages. See 29 U.S.C. 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under Section 216(b) to recover wages. When employees bring a private action for wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. Id. (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946); Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

7. The Eleventh Circuit has explained its reasoning for permitting district courts to approve settlement agreements:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties

> submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, Inc., 679 F.2d at 1354.

8. The settlement of the instant action involves a situation in which this Court may approve the FLSA Settlement Agreement and release the Plaintiff's FLSA claims. The settlement arises out of an action filed by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel. The settlement arises out of an arm's length negotiation between the Parties after each evaluated the relative merits of their respective positions.

## II. Terms of FLSA Settlement

Plaintiff will receive all damages to which Plaintiff would have been entitled to receive if Plaintiff litigated the FLSA action to judgment and fully prevailed. Because Plaintiff will receive complete relief under the FLSA, in full, and without compromise, no judicial review is necessary. *See Gerzanick v. Superior Aircraft Services, Inc.*, No. CIV.A. 6:11-791-Orl-28KRS, 2011 WL 4054633, at *1-2 (M.D.

Fla. Sept. 2, 2011) (court need not scrutinize settlement given plaintiffs did not compromise their claims).

## III. <u>Conclusion</u>

Plaintiff respectfully requests that this Court approve the FLSA Settlement Agreement and dismiss only Plaintiff's claims against G.E., with prejudice. Plaintiff desires to continue litigating this action against the remaining Defendants.

Respectfully submitted, this 12th day of November, 2024.

___*/s/ Kyle J. Lee*___
KYLE J. LEE
Florida Bar Number 105321
kyle@kyleleelaw.com
LEE LAW PLLC
1971 W Lumsden Rd
Suite. 303.
Brandon, FL 33511
Telephone: 813-343-2813
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 12, 2024, I electronically filed a true and correct copy of the foregoing using the CM/ECF filing system, which is designed to provide copies to all attorneys of record.

*S/ Kyle J. Lee*
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 W. Lumsden Road Ste. 303
Brandon FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

# SETTLEMENT AGREEMENT AND FLSA RELEASE
# BETWEEN PLAINTIFF AND DEFENDANT GEETHAMAHESH ENTERPRISES, LLC

**THIS SETTLEMENT AGREEMENT AND FLSA RELEASE** ("Agreement") is made by TORREY ROGERS ("PLAINTIFF"), and GEETHAMAHESH ENTERPRISES LLC, ("DEFENDANT") (all collectively the "Parties").

1. **No Admission**. This Agreement is not, and shall not in any way be construed as, an admission by any party of any wrongdoing. The Parties have entered into this Agreement for the sole purpose of avoiding the disruption and expense of continued litigation.

2. **Settlement Payment.** In exchange for the promises made, including dismissal of the pending lawsuit with prejudice, *ONLY as to Defendant Geethamahesh*: Rogers v. Joe's New York, LLC et al, Case No. 68:24-cv-01212, and in consideration for all the terms entered into in this Agreement, Defendants shall pay the total settlement sum of $6,800 ("Settlement Payment") to be sent to Counsel for PLAINTIFF no later than five (5) days from the court's approval of the settlement agreement and dismissal with prejudice as to *as to Defendant Geethamahesh, only.* The Settlement Payment shall be paid as follows:

    (a) A check made payable to Torrey Rogers in the amount of $4,300.00, with no withholdings. The Parties hereby agree that the settlement payment represents $2,150.00 in alleged overtime wages and $2,150.00 in liquidated damages, <u>exclusive</u> of costs and attorney's fees, for which an IRS Form 1099 will be issued to Plaintiff; and

    (b) A check made payable to Lee Law, LLC in the amount of $2,500.00 for payment of alleged attorney's fees and costs, for which an IRS Form 1099 will be issued to Plaintiff's attorney.

    PLAINTIFF will rely solely on his Counsel for distribution of the Settlement Payment. PLAINTIFF acknowledges that the provisions described in this Paragraph constitute valid and sufficient consideration for the promises contained in the Agreement.

3. **Tax Liability**. PLAINTIFF agrees that she, individually and wholly, shall be solely liable for any and all taxes which may be due as a result of the consideration being paid in Paragraph 2 for settlement of the disputed claims set forth in this Agreement. PLAINITFF further agrees to indemnify and hold harmless DEFENDANT *as to Defendant Geethamahesh* relating to the failure of PLAINTIFF or her counsel to pay taxes or penalties in connection with this payment.

4. **Attorneys' Fees and Costs**. Except as otherwise agreed in Paragraph 2, the Parties shall bear their own attorneys' fees and costs. However, in any action by any party to this Agreement to enforce any term of this Agreement, the prevailing party in such an action shall be entitled to its reasonable attorneys' fees and costs from the non-prevailing party in such an action.

5. **Exception to Waiver.** Plaintiff acknowledges he is aware of a pending Department of Labor wage settlement with one or all Defendants, and affirmatively waives any right to additional compensation or damages under that pending settlement. This Agreement does not waive any rights that cannot be waived by law, including PLAINTIFF' right to file a new charge with an administrative agency, and right to participate in any agency investigation.

6. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing and signed by the Parties.

7. **Knowledge**. In signing this Agreement, the Parties expressly warrant that they have read and fully understand it. The Parties acknowledge that this Agreement is voluntary and that no one is making or forcing any party to enter into it. All Parties acknowledge that they have had an opportunity to and have consulted with an attorney before signing it.

8. **Court Approval.** Within ten (10) business days of the complete execution of this Agreement, counsel for PLAINITFF shall file a joint motion to approve this Agreement and to enter a final judgment dismissing this case with prejudice.

9. **Counterparts.** This Agreement may be executed in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

10. **Construction.** This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter. The Parties agree that if any phrase, clause or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release or covenant not to sue set forth in Paragraph 4 is deemed to be illegal, invalid or unenforceable, in whole or in part, all Parties' obligations under this Agreement shall be nullified.

11. **Governing Law/Venue.** This Agreement shall be interpreted and construed under the laws of the State of Florida. The exclusive jurisdiction for and legal action related to this Agreement shall be Orange County, Florida.

GEETHAMAHESH ENTPRISES, LLC
By: MAHESH YENUGONDA, managing member

10/31/24

TORRY ROGERS

11 / 04 / 2024

Doc ID: efd16ad378e73cc94ddbba0a40d1d337c782c0ef